UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Thomas Harley,     #162293, | ) | C/A No. 3:07-1796-RBH-JRM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Report and Recommendation |
| James I. Davis; and | ) | |
| John Doe and or Does; | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

Introduction and Factual Background

The plaintiff, Thomas Harley, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is an inmate at Broad River Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC), and he files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names as defendants James I. Davis, the Clerk of Court for Lee County Circuit Court[2], and the John or Jane Does who are employed in the Lee County Clerk's Office.[3] Because the defendants are employees of a governmental entity, Lee County, Title 28

_____

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] The plaintiff actually designates James I. Davis as the Clerk of Court of the South Carolina Court located in Bishopville, South Carolina. The undersigned takes judicial notice that the state court of general sessions and common pleas located in Bishopville, SC is the Lee County Circuit Court.

[3] From a review of the complaint and amended complaint, which are treated as one document, it is not entirely clear who the John or Jane Does are; in one place, the plaintiff refers to John Doe as "chief executive of the court." It appears to the undersigned that the plaintiff is attempting to sue the staff members in the Lee County Clerk's Office who are under the supervision of the Clerk, James I. Davis.

U.S.C. § 1915A (a) requires this Court to review the complaint as soon as practicable. Plaintiff claims that the defendants violated his constitutional right of access to the courts. Plaintiff seeks monetary damages against the defendants in their official and individual capacities. The complaint should be dismissed for failure to state a claim upon which relief may be granted and on the ground of immunity.

<u>Review pursuant to the Prison Litigation Reform Act (PLRA)</u>

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." Section 1915(e)(2)(B). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir.

1995).  Furthermore, even if the plaintiff had paid the full filing fee, this Court is charged with screening the plaintiff's lawsuit to identify cognizable claims or to dismiss the complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A.

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 127 S.Ct. 2197 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam)*.  Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

<u>Discussion</u>

The plaintiff's lawsuit is based upon the defendants' alleged failure to mail to the plaintiff an acknowledgment of his filing three cases in the Lee County Circuit Court: on May 30, 2006, a direct appeal in his criminal case; on May 28, 2007, a first post-conviction relief application;

3

and on July 21, 2007, a second post-conviction relief application.[4]  *See Complaint* at ¶¶ 7,10,11.  The plaintiff alleges that the defendants have abused their power by failing to mail him an acknowledgment of the filing of those three lawsuits.  Notably, the plaintiff does *not* allege that the defendants actually refused to file the papers, refused to assign case numbers to the lawsuits, or that his lawsuits are not pending and have not been addressed by the courts.  It is well established that to state a constitutional claim for denial of meaningful access to the courts an inmate must allege specific injury resulting from the alleged denial.  *Lewis v. Casey*, 518 U.S. 343, 349 (1996) (holding that an inmate alleging denial of access to the courts must be able to demonstrate "actual injury" such that his non-frivolous legal claim had been frustrated or was being impeded).  The plaintiff must make specific allegations as to the actual injury sustained.  *See Cochran v. Morris*, 73 F. 3d 1310, 1317 (4th Cir. 1996) (finding that the plaintiff's complaint was deficient because he failed to assert any actual injury resulting from prison officials' conduct); *Strickler v. Waters*, 989 F.2d 1375,1384 (4th Cir. 1993) (finding that "[a] demonstration of inability to present a legal claim is an essential ingredient of a suit such as this ... (access to the courts) ...").  Liberally construed, the plaintiff does not allege any specific facts as to how his three legal cases presumably filed in Lee County have been adversely affected, frustrated, or impeded due to the plaintiff not receiving by mail an acknowledgment of filing.  Therefore, because it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief, the plaintiff has failed to state a cognizable claim.

---

[4] The complaint in this federal court action was delivered to the prison mail room on June 26, 2007, so the alleged date of the second post-conviction relief application "July 21, 2007" is most likely an error.

4

Even if the plaintiff had stated a cognizable access to courts claim by alleging particular "actual injury" facts, the defendants are entitled to absolute quasi-judicial immunity. The Clerk of Court for Lee County and the Lee County Clerk's staff are quasi-judicial officers who act pursuant to state court procedural directives when they open and file cases. In fact, if a clerk failed to act in accordance with a judicial mandate or court rule, he would place himself in contempt of court. *See Zimmerman v. Spears*, 428 F. Supp. 759, 752 (W.D.Tex. 1977), *aff'd*, 565 F.2d 310 (5th Cir. 1977). "... [C]ourt clerks and other court employees have absolute immunity against liability for actions arising out of the performance of judicial or quasi judicial functions." *Sampson v. City of Xenia*, 108 F.Supp.2d 821, 829 (S.D. Ohio 1999) (citing *Foster v. Walsh*, 864 F.2d 416, 418 (6th Cir.1988)). The United States Court of Appeals for the Sixth Circuit held that, "[q]uasi-judicial immunity extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune." *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) (noting that judicial immunity applies unless the actions are taken in complete absence of any jurisdiction, and citing *Scruggs v. Moellering*, 870 F.2d 376 (7th Cir. 1989)). *See also Sindram v. Suda*, 986 F.2d 1459, 1461 (D.C. Cir. 1993) (holding that judicial immunity is extended to clerk of court unless the acts are done in a clear absence of all jurisdiction). In the case *sub judice*, the plaintiff alleged that the defendants failed to mail him a piece of paper which acknowledged that his three actions had been filed. This alleged failure is a task intertwined with the judicial process, and there is no allegation of malice. Accordingly, the defendants are entitled to immunity at this stage of the proceeding. *See Siegert v. Gilley*, 500 U.S. 226 (1991) (immunity presents a threshold question which should be resolved before discovery is even

allowed); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (absolute immunity "is an immunity from suit rather than a mere defense to liability").

<u>Recommendation</u>

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process.  *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).  **The petitioner's attention is directed to the important notice on the next page.**

s/Joseph R. McCrory
United States Magistrate Judge

September 13, 2007
Columbia, South Carolina

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).