UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| THOMAS HARLEY, | ) | Civil Action No.: 3:07-cv-1796-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| JAMES I. DAVIS; JOHN DOE, | ) | |
| and/or DOES; | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff, proceeding *pro se*, brought this action pursuant to 42 U.S.C. § 1983 alleging denial of meaningful access to the courts. This matter is before the court with the Report and Recommendation [Docket Entry #14] of Magistrate Judge Joseph R. McCrorey filed on September 13, 2007.[1] The Magistrate Judge recommended that the complaint be dismissed for failure to state a claim upon which relief could be granted and on the ground of immunity. Plaintiff timely filed objections to the Magistrate Judge's Report on September 21, 2007.

### Standard of Review

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination of those portions of the report and recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with

---

[1] This matter was referred to Magistrate Judge McCrorey pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rules 73.02(B)(2)(d) and (e).

instructions.   28 U.S.C. § 636(b)(1).

The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed.  *Id.*  However, the district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations.  *Orpiano v. Johnson*, 687 F.2d 44, 47-48 (4th Cir. 1982).

### Discussion

Plaintiff alleges that the defendants failed to mail him an acknowledgment of his filing in three cases in the Lee County Circuit Court: 1) on May 30, 2006, a direct appeal in his criminal case; 2) on May 28, 2007, a first post-conviction relief application; and 3) on July 21, 2007, a second post-conviction relief application.  As the Magistrate Judge pointed out in his Report, "[n]otably, the plaintiff does *not* allege that the defendants actually refused to file the papers, refused to assign case numbers to the lawsuits, or that his lawsuits are not pending and have not been addressed by the courts." [Report and Recommendation, at 4, Docket Entry #14].  Because the plaintiff alleged no injury in relation to the alleged denial of meaningful access, the Magistrate Judge found that the plaintiff had failed to state a cognizable claim.  Additionally, the Magistrate Judge found that even if plaintiff had stated a cognizable claim, the defendants would be entitled to absolute quasi-judicial immunity.

After reviewing the record and applicable law, the court agrees with the Recommendations of the Magistrate Judge and finds that the Magistrate Judge correctly applied the law to the facts of this case.  The court has reviewed plaintiff's objections and finds that they are without merit.

2

<u>**Conclusion**</u>

For the reasons stated above and by the Magistrate Judge, the court overrules Plaintiff's objections and adopts and incorporates by reference the Report and Recommendation [Docket Entry #14] of the Magistrate Judge.  This case is hereby **DISMISSED without prejudice** and without issuance and service of process.

**IT IS SO ORDERED**.


December 5,  2008                                    s/ R. Bryan Harwell
Florence, SC                                         R. Bryan Harwell
                                                     United States District Judge

3